1  KEARNEY ALVAREZ LLP
   Thomas A. Kearney (State Bar No. 90045)
2  Paul Alvarez (State Bar No. 115350)
   Prescott Littlefield (State Bar No. 259049)
3  633 W. Fifth Street, 28th Floor
   Los Angeles, CA 90071
4  Telephone: (213) 473.1900
   Facsimile: 213.473-1919
5  E-mail:      tkearney@kearneyalvarezllp.com
                palvearz@kearneyalvarezllp.com
6               plittlefield@kearneyalvarezllp.com

7  Susan Yoon, Esq. (SBN 173654)
   LAW OFFICES OF SUSAN YOON
8  2029 Century Park East, Suite 1400
   Los Angeles, CA 90067
9  Telephone: (818) 554-7317; Facsimile: (818) 698-8214

10

11 Attorney for Plaintiff, John Trompeter
   and those similarly situated

12

13              UNITED STATES DISTRICT COURT

14     NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

15
   JOHN TROMPETER, on behalf of himself       Case No. 12-0392-CW
16 and all others similarly situated,
                                              CLASS ACTION
17            Plaintiff,
                                              PLAINTIFF TROMPETER'S
18     vs.                                    OPPOSITION TO DEFENDANT ALLY
                                              FINANCIAL, INC.'S MOTION TO
19 ALLY FINANCIAL, INC., a Delaware           COMPEL ARBITRATION AND TO
   corporation and DOES 1 to 20, inclusive,   DISMISS OR ALTERNATIVELY STAY
20                                            THE ACTION IN FAVOR OF
              Defendants.                     ARBITRATION
21
                                              Hearing Date:    March 8, 2012
22                                            Time:            2:00 p.m.
                                              Courtroom:       2—4th Floor
23                                            Judge:           Hon. Claudia Wilken
24
                                              Complaint Filed: September 6, 2011
25

26

27

28

                    PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
                 ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION
                                              Case No. 12-0392-CW

# **TABLE OF CONENTS**

Page(s)

I.      INTRODUCTION ................................................................................................ 1

II.     CALIFORNIA'S DOCTRINE OF CONTRACTUAL UNCONSCIONABILITY
        REMAINS A DEFENSE TO ARBITRATION PROVISIONS ......................................... 3

        A.      Contrary to Ally's Assertion, *Concepcion* Does *Not* Preclude the Application of
                California's Unconscionability Doctrine to Determine Whether an Arbitration
                Provision Is Unenforceable.................................................................................... 3

        B.      *Concepcion* Is Entirely Distinguishable From Our Facts; Unconscionability Is a
                Generally Applicable Contract Defense, Not a Rule Aimed Solely
                at Arbitrations. ................................................................................................. 6

III.    THE SUBJECT ARBITRATION CLAUSE IS BOTH PROCEDURALLY AND
        SUBSTANTIVELY UNCONSCIONABLE UNDER CALIFORNIA LAW .................. 10

        A.      General Principles of Unconscionability. .......................................... 10

        B.      Ally's Arbitration Clause Is Procedurally Unconscionable, as Ally's Motion
                Tacitly Concedes............................................................................... 11

        C.      The Subject Arbitration Clause Is Substantively Unconscionable. ..................... 14

                1.      If any arbitration award is over $100,000, then the matter may be
                        rearbitrated at Ally's election (which only benefits Ally)...................15

                2.      If the award includes injunctive relief, then the enjoined party may
                        demand a  new arbitration (which only benefits Ally)......................17

                3.      Any party that does elect to rearbitrate must pay, in advance, the filing fee
                        and other arbitration costs (which unduly burdens the consumer).........18

                4.      Self-help (repossession) is exempted from arbitration, even though an
                        injunction must go to arbitration.............................................19

IV.     BECAUSE UNCONSCIONABILITY SO PERMEATES THE SUBJECT
        ARBITRATION CLAUSE, THE ENTIRE CLAUSE IS UNENFORCEABLE .............. 19

V.      CONCLUSION................................................................................................ 21

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Federal Cases**

*AT&T Mobility, LLC  v. Concepcion,*
  __ U.S. __, 131 S. Ct. 1740 (2011) ............................................................................................. passim

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.,*
  622 F.3d 996 (9th Cir. 2010) ........................................................................................ 11, 12

*Doctor's Associates, Inc. v. Casarotto*,
  517 U.S. 681 (1996) ...................................................................................................... 5, 7

*Ingle v. Circuit City Stores, Inc.*,
  328 F.3d 1165 (9th Cir. 2003) ............................................................................................ 11

*In re Checking Account Overdraft Litigation*
  2011 WL 4454913 (S.D.Fla.2011) ..................................................................................... 4

*Kanbar v. O'Melveny & Myers,*
  __ F.Supp. __, 2011 WL 2940690 at *6, (N.D. Cal. 2011) ................................................ 4

*Nagrampa v. MailCoups, Inc.,*
  469 F.3d 1257 (9th Cir. 2006) ........................................................................................... 11

*Perry v. Thomas,*
  482 U.S. 483, n. 9 (1987) .................................................................................................... 6

*Regents of University of California v. ABC*
  747 F.2d 511 (9th Cir.1984) .............................................................................................. 17

*Rodriguez do Ouijas v. Shearson/American Express, Inc.,*
  490 U.S. 477 (1989) ....................................................................................................... 5, 7

*Shearson/American Express Inc. v. McMahon*,
  482 U.S. 220 (1987) ....................................................................................................... 5, 7

**State Cases**

*A & M Produce Co. v. FMC Corp*
  135 Cal. App. 3d 473 (1982) ........................................................................................ 7, 8., 9

*American Software, Inc. v. Ali*
  46 Cal. App. 4th 1386 (1996) ............................................................................................. 7

*Arguelles-Romero v Superior Court,*
  184 Cal. App. 4th 825 (2010) ............................................................................................ 19

ii

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
   24 Cal. 4th 83 (2000) ........................................................................... 10, 20

*Baker v. Osborne Development Corp.*,
   159 Cal. App. 4th 884 (2008) ..................................................... 19, 20

*Bruni v. Didion*
   160 Cal. App. 4th 1272 (2008) .......................................................... 11

*Chretian v. Donald L. Bren Co.*,
   151 Cal. App. 3d 385 (1984) ............................................................... 7

*Discover Bank v. Superior Court*,
   36 Cal. 4th 148 (2005) ......................................................................... 4

*Ellis v. McKinnon Broad. Co*,
   18 Cal. App. 4th 1796 (1993) .............................................................. 8

*Fitz v. NCR Corp.*,
   118 Cal. App. 4th 702 (2004) ............................................................ 19

*Flores v. Transamerica HomeFirst, Inc.*,
   93 Cal. App. 4th 846 (2001) .............................................................. 11

*Gutierrez v. Autowest, Inc.*,
   114 Cal. App. 4th 77 (2003) ......................................................... 12, 20

*Harper v. Ultimo*,
   113 Cal. App. 4th 1402 ................................................................. 13, 18

*Little v. Auto Stiegler, Inc.*,
   29 Cal. 4th 1064 (2003) ............................................................... 16, 20

*Nyulassy v. Lockheed Martin Corp.*,
   120 Cal. App. 4th 1267 (2004) .......................................................... 11

*People v. Pacific Land Research Co.*,
   20 Cal. 3d 10 (1977) .......................................................................... 17

*Perdue v. Crocker Nat'l Bank*,
   38 Cal. 3d 913 (1985) .......................................................................... 8

*Saika v. Gold*,
   49 Cal. App. 4th 1074 (1996) ...................................................... 15 16

*Sanchez v. Valencia Holding Company, LLC*,
   201 Cal. App. 4th at 92 (2011) ................................................... passim

iii

*Searles Valley Minerals Operations Inc. v. Ralph M. Parson Services Co.*,
   191 Cal. App. 4th 1394 (2011) ................................................................ 1

*Trivedi v. Curexo Technology Corp.*,
   189 Cal. App. 4th 387 (2010) ................................................................ 13

*Wayne v. Staples, Inc.*
   135 Cal. App. 4th 466 (2006) ................................................................ 8

**Statutes**

Cal. Penal Code § 630 ........................................................................ 17, 18

Cal. Code of Civil Procedure section 1281 ......................................... 10, 21

Cal. Code of Civil Procedure section 1670.5 ......................................... 7, 10

9 U.S.C. section 2 ................................................................................ 1, 10

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

# I.     INTRODUCTION

Ally's Motion rests entirely on the flawed premise that the U.S. Supreme Court in *AT&T Mobility, LLC v. Concepcion* __ U.S. __, 131 S. Ct. 1740 (2011) declared that all terms of all arbitration provisions are enforceable and exempt from all state law contract defenses, including procedural and substantive unconscionability.  *Concepcion*, of course, did no such thing.

*Concepcion* merely held that a waiver of class arbitration could not be used to declare an arbitration clause unconscionable, thereby abrogating the so called *Discover Bank* rule.  131 S. Ct. at 1753.[1]   *Concepcion* did not, however, declare that all arbitration clauses (including those that are otherwise unconscionable under state law) must be enforced under the Federal Arbitration Act ("FAA") 9 U.S.C. § 2, nor could it since the FAA expressly permits arbitration clauses to be declared invalid under "generally applicable contract defenses , such as . . . unconscionability."  *Concepcion* at 131 S. Ct. 1746.

Ironically, in our case the only term of the subject arbitration clause Plaintiff does not challenge is its class action waiver.  Rather, Plaintiff challenges multiple *other* exculpatory, one-sided and illusory terms of the clause which benefit only Ally and prejudice Plaintiff, thereby rendering the entire clause unenforceable on both procedural and substantive unconscionability grounds.[2]  Moreover, Plaintiff's challenge to these terms is not based entirely on the recent California appellate decision in *Sanchez v. Valencia Holding Company, LLC*, 201 Cal. App. 4th 74 (2011), on which the bulk of Ally's Motion obsessively focuses, but on a long line of California statutory and decisional law which *Concepcion* leaves untouched and which falls squarely within the FAA's saving clause.

---

[1]   Even Ally's Motion concedes as much when it notes:  "As *Concepcion* makes clear, the FAA preempts any state statute or rule of law that denies enforcement of an arbitration clause *simply because the clause does not permit class-wide arbitration*."  (Motion at 2:1-4; emphasis added.)

[2]   Ally contends it is the assignee of the contract that contains the subject arbitration clause.  Accepting this as true, as the assignee, Ally is subject to any defenses that Trompeter has to the contract itself, and Ally "stands in the shoes" of the assignor, including defenses that go to the drafting, authorship and presentation of the contract.  *See Searles Valley Minerals Operations Inc. v. Ralph M. Parson Services Co.*, 191 Cal. App. 4th 1394, 1402 (2011).

The "heads I win tails you lose" terms of the subject arbitration clause, which itself is buried at the very bottom of the back side of the sales agreement and unacknowledged by Plaintiff's signature or initials - Plaintiff signed the front side at no fewer than eight places - includes:

- A "choice" between two arbitration services, with Ally failing to disclose that one of the "choices" no longer offers consumer arbitrations;

- A self-help carve-out from arbitration (e.g., repossession) which benefits only Ally;

- A limitation on injunctive relief which benefits only Ally;

- A provision giving Ally an effectively unilateral right to "rearbitrate" any award that exceeds $100,000; and

- Multiple procedurally unconscionable terms – Ally's Motion does not even *address this issue,* despite the certainty that Plaintiff must raise procedural unconscionability as part of its defense to arbitration.[3]

Ally will reply that the *Concepcion* rule nevertheless countenances all of these oppressive and one-sided provisions; despite *Concepcion's* reaffirmation of unconscionability as a defense to arbitration; despite the fact that none of the above terms pertains to a class action waiver, the only issue addressed by Concepcion; and despite the fact that each of the above terms has already been declared unconscionable under controlling California law.

Indeed, under Ally's overly-broad reading of *Concepcion*, an arbitration provision limiting the selection of arbitrators to only Ally's CEO would be unassailable under the FAA because, according to Ally's Motion, *all* arbitration objections based on unconscionability are preempted merely because they "apply" to an arbitration. Fortunately, the near-dizzying circularity of this thesis – *i.e.*, all arbitration objections necessarily "apply" to arbitrations and so

---

[3]   This is because both procedural and substantive unconscionability are required to negate a contract term. *See* discussion *infra*.

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

must always be preempted -- finds no support in *Concepcion* which, instead, *reaffirmed* that state law unconscionability defenses remain available to challenge arbitration clauses.

Finally, enforcing the arbitration provision in this case would not serve the interests embodied by the FAA. The substantive and procedural flaws identified herein would not result in a more streamlined and economic disposition of this case. Indeed, Ally has acknowledged as much with its prior election to sue Plaintiff under the same contract, using the same law firm as Ally's counsel herein, in San Francisco Superior Court, an action which Ally did not serve and then dismissed without ever informing Plaintiff. The failure of Ally's Motion to disclose this prior election, despite its unquestionable relevance to the "no arbitration waiver" the Motion asserts, is disconcerting, at best.[4] The Motion is legally untenable and should be denied.

## II. CALIFORNIA'S DOCTRINE OF CONTRACTUAL UNCONSCIONABILITY REMAINS A DEFENSE TO ARBITRATION PROVISIONS

### A. Contrary to Ally's Assertion, C*oncepcion* Does *Not* Preclude the Application of California's Unconscionability Doctrine to Determine Whether an Arbitration Provision Is Unenforceable.

*Concepcion* disapproved California's *Discover Bank* rule, stating:

> In *Discover Bank,* the California Supreme Court applied [the doctrine of unconscionability] to class-action waivers in arbitration agreements and held as follows:
>
>> When the [class action] waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then ... the waiver

---

[4] Obviously, if waiver were truly an issue on this Motion, the prior election by Ally to file in Superior Court would at least be a relevant factor in that discussion. Presumably, since Ally never served the complaint, it mistakenly believed Plaintiff was unaware of it and would never bring the prior election to light in these proceedings. As it turns out, the omission was unnecessary since Plaintiff makes no waiver argument herein.

> becomes in practice the exemption of the party "from responsibility for its own fraud, or willful injury to the person or property of another."  Under these circumstances, such waivers are unconscionable under California law and should not be enforced."

*Concepcion,* 131 S. Ct. at 1746 (*quoting Discover Bank v. Superior Court*, 36 Cal. 4th 148,162 (2005).  The Supreme Court in *Concepcion* ultimately held that "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."  *Concepcion,* 131 S. Ct. at 1746.

With the exception of the *Discover Bank* rule, the Supreme Court acknowledged in *Concepcion* that the doctrine of unconscionability remains a basis for invalidating arbitration provisions under the saving clause of the FAA.  *Concepcion,* 131 S.Ct. at 1746 (emphasis added).  Indeed, this is precisely how Concepcion has been applied by the District Courts, including the Northern District.  *See*, *e.g.*, *Kanbar v. O'Melveny & Myers,*  __ F.Supp. __, 2011 WL 2940690 at *6, (N.D. Cal. 2011):

> To the extent OMM asserts that *Concepcion* precludes a challenge to an arbitration agreement on the basis of unconscionability, the Court disagrees.  In *Concepcion,* the Supreme Court specifically noted that the FAA "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' [although] not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion,* 131 S.Ct. at 1746.  In short, arbitration agreements are still subject to unconscionability analysis.  For the same reasons, the Court rejects OMM's contention that a challenge to an arbitration agreement must be rejected if it means that the agreement will not be enforced according to its terms. The doctrine of unconscionability can override the terms of an arbitration agreement and the parties' expectations in connection therewith.

*See also*, *In re Checking Account Overdraft Litigation*  2011 WL 4454913 at *4 (S.D.Fla.2011) ["*Concepcion* did not completely do away with unconscionability as a defense to the enforcement of arbitration agreements under the FAA"].)

Thus, *Concepcion* is inapplicable where, as here, we are not addressing the enforceability

**4**

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

of a class action waiver or a judicially imposed procedure that is inconsistent with the arbitration provision and the purposes of the FAA. *See Concepcion,* 131 S. Ct. at 1748–53. Rather, the unconscionability principles urged by Plaintiff herein govern *all* contracts, are not unique to arbitration agreements and do not disfavor arbitration. *See Concepcion,* 131 S.Ct. at 1746.

This conclusion in no way undermines the purpose of the FAA – "to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings" (*Concepcion,* 131 S.Ct. at 1748) or, as otherwise phrased, the "'enforcement of private agreements and encouragement of efficient and speedy dispute resolution.'" *Id.* at 1749. On the contrary, as is set forth below, the arbitration clause in the present case sacrifices efficient and speedy resolution through the adoption of harsh, one-sided and illusory terms in an effort to only ensure that Ally will avoid liability for *any* claim arising from its conduct, including the criminal wrongdoing with which Ally is being charged in this case pursuant to California Penal Code § 632. These Ally-serving terms would be deemed unconscionable were they to be drafted into in *any* contract.

To conclude otherwise would mean that the Supreme Court in *Concepcion* wholly negated the saving clause of the FAA, without bothering to acknowledge that it had done so. Instead, the Supreme Court has repeatedly reconfirmed, in *Concepcion* and other cases, that unconscionability *remains* a generally applicable state law contract defense under the saving clause of the FAA. 131 S. Ct. at 1746; *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996); *see also, Rodriguez do Ouijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 483-84 (1989); *Shearson/American Express Inc. v. McMahon,* 482 U.S. 220, 226 (1987).

Ally further distorts *Concepcion* by arguing that it establishes a rule that exists only to safeguard the economically dominant party, and that all arbitration provisions must be blindly and rigidly enforced even when they "unduly favor[] the stronger party, or lack[] procedures needed to protect the weaker party." Motion 13:16-18. Under Ally's *mis*conception of *Concepcion*, courts are powerless to invalidate all arbitration provisions that "unduly favor[] the

stronger party," even where the stronger party has concocted arbitration rules so one-sided as to ensure that the consumer will lose.  Ally's suggestion that such rules are enforceable under *Concepcion* merely because they relate to arbitration proceedings illustrates the extent to which Ally seeks to highjack *Concepcion* in order to circumvent the generally applicable California state law contract defenses that would otherwise render the subject provision unconscionable.

      **B.**     **<u>*Concepcion* Is Entirely Distinguishable From Our Facts;</u>**
                **<u>Unconscionability Is a Generally Applicable Contract Defense, Not a</u>**
                **<u>Rule Aimed Solely at Arbitrations.</u>**

      The circumstances of the present case and *Concepcion* could not be more dissimilar.  In *Concepcion*, for example, there was no challenge to the arbitration provision on procedural unconscionability grounds.  Furthermore, whereas the parties to the *Concepcion* arbitration agreement appear to have been perfectly content with *all* of its terms save for the class action waiver, Plaintiff herein does not challenge the subject provision's class action waiver and, instead, challenges multiple other terms on the grounds of both substantive *and* procedural unconscionability, relying on generally applicable state law contract defenses expressly reserved to him by the FAA's saving clause.

      Pursuant to that saving clause, contractual defenses generally available under state law remain valid defenses to arbitration clauses:

> [S]tate law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.  A state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of § 2.  A court may not, then, in assessing the rights of litigants to enforce an arbitration agreement, construe that agreement in a manner different than that in which it otherwise construes nonarbitration agreements under state law.

*Perry v. Thomas,* 482 U.S. 483, 492-93, n. 9 (1987) (citation omitted).  Indeed, the Supreme Court has repeatedly confirmed that generally applicable contract defenses "may be applied to

**6**

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT**
**ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

invalidate arbitration agreements without contravening [FAA] § 2." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681 (1996); *see also*, *Rodriguez do Ouijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 483-84 (1989); *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

In California, unconscionability is a contract defense that is applicable to *all* types of contracts, not solely those containing arbitration provisions.  For example, while striking an employee's waiver of post-employment commissions (entirely unrelated to the subject of arbitration), the court in *American Software, Inc. v. Ali* stated:  "In 1979, our Legislature enacted Civil Code at section 1670.5, which codified the established doctrine that a court can refuse to enforce an unconscionable provision in a contract." 46 Cal. App. 4th 1386, 1390 (1996). "While the term 'unconscionability' is not defined by statute, the official comment explains the term as follows: 'The basic test is whether, in the light of the general background and the needs of the particular case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract....  The principle is one of the prevention of oppression and unfair surprise [citation] and not of disturbance of allocation of risks because of superior bargaining power.' (Civ.Code, § 1670.5, Legis. Com. comment 1.)"  *Id.*

What is largely viewed as the seminal California case applying the contractual unconscionability doctrine is *A & M Produce Co. v. FMC Corp.,* a case which had nothing to do with arbitrations but, instead, involved the sale of farming equipment.  135 Cal. App. 3d 473, 478 (1982).  *A & M Produce* defines substantive unconscionability as the overly harsh allocation of risks or costs which is not justified by the circumstances under which the contract was made. *Id.* at 487; *see also, Chretian v. Donald L. Bren Co.*, 151 Cal. App. 3d 385, 389 (1984) ("The statute does not attempt to precisely define 'unconscionable.'  'Nevertheless, 'unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonable favorable to the other party.''") (denying commissions allegedly owed under employment contract, unrelated to the subject of

7

arbitration); *see also, Ellis v. McKinnon Broad. Co,* 18 Cal. App. 4th 1796, 1803-04 (1993) (employment contract and forfeiture of commissions unconscionable in agreement unrelated to arbitration.).

Unconscionability has often been applied to terms of financial transactions. *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 926 (1985)  (allowing allegation that banking fee is unconscionable to survive demurrer); *see also*, *Wayne v. Staples, Inc.* 135 Cal. App. 4th 466, 480-81 (2006) (applying unconscionability analysis to shipping insurance contracts.).  As shown, unconscionability is a generally applicable defense that has been applied to a variety of contexts, not just to arbitration clauses.

No doubt Ally will reply that the substantively unconscionable terms of the subject arbitration provision identified below "apply only to arbitration," thereby running afoul of *Concepcion's* preemption rule.  The argument nevertheless fails for several reasons.

First, there is no escaping the fact that the contractual provision at issue herein is an <u>arbitration</u> agreement.  It is therefore not surprising that its unconscionable terms would pertain to the general subject of "arbitration."  Unlike *Concepcion*, however, which held that a class action waiver is not enough, *by itself*, to render an arbitration provision unconscionable, our Plaintiff challenges the subject provision's terms on multiple grounds, including contract formation (*i.e.*, procedural unconscionability) as well as specific terms and illusory "benefits" which were clearly inserted by Ally to benefit only Ally, at Plaintiff's expense.

Accordingly, as with any other generally applicable defense being applied to a specific set of facts, unconscionability cannot be applied to a specific contract clause without analyzing the substance of that clause.  If the clause being challenged is an arbitration clause, then the court must look to the terms of the arbitration clause; if the clause involves a disclaimer of warranties and limitation of damages in connection with the sale of farming equipment, then the court must analyze warranties and damage limitations in the context of farming equipment.  This is exactly what the court in *A & M Produce* did, when it first provided the generalities regarding

**8**

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT**
**ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

unconscionability, and then utilized those generalities "in finding that the facts of [*A & M Produce*], involving a preprinted form sales contract, support[ed] the trial court's conclusion that both the disclaimer of warranties and the limitation on consequential damages w[as] unconscionable." 135 Cal. App. 3d at 482.

In *A & M Produce*, the court considered factors such as:  "The warranty allegedly breached by [the seller] went to the basic performances characteristics of the product.  In attempting to disclaim this and all other warranties, [the seller] was in essence guarantying nothing about what the product would do….  In this case, moreover, the evidence established that [the buyer] had no previous experience with weight-sizing machines and was forced to rely on the expertise of [the seller] in recommending the necessary equipment." *Id.* at 491-92.  In analyzing the limitation on consequential damages, the court noted that "[a]all parties were aware that once the tomatoes began to ripen, they all had to be harvested and packed within a relatively short period of time." *Id.* at 493.

Accordingly, unconscionability is no more a state law doctrine targeted directly at arbitration provisions than it is a doctrine targeted at a purchase contract for a machine to be used in harvesting tomatoes, where the tomato harvest is the balance upon which the unconscionability must be weighed.  So too in present case:  In order to determine if Ally's self-serving arbitration agreement is substantively unconscionable, the Court must analyze the clause for what it is, an arbitration clause.  In this regard, in addition to the procedural unconscionability that formed the agreement, Ally has also inserted into its arbitration clause at least four substantively unconscionable terms which, in concert, render the clause unenforceable, as discussed *infra.*

In sum, California's law concerning contractual unconscionability remains a defense to arbitration provisions.  If anything, *Concepcion confirms* this conclusion.  The unconscionable elements that permeate the subject arbitration clause are *not* "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
Case No. 12-0392-CW

*Concepcion*, 131 S.Ct. at 1746.  Rather, they are generally applicable defenses that apply to *any* contract.

## III.   THE SUBJECT ARBITRATION CLAUSE IS BOTH PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE UNDER CALIFORNIA LAW

### A.   <u>General Principles of Unconscionability.</u>

As explained in *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000):

> In 1979, the Legislature enacted Civil Code section 1670.5, which codified the principle that a court can refuse to enforce an unconscionable provision in a contract.... As section 1670.5, subdivision (a) states: 'If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.' Because unconscionability is a reason for refusing to enforce contracts generally, it is also a valid reason for refusing to enforce an arbitration agreement under Code of Civil Procedure section 1281, which ... provides that arbitration agreements are 'valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract.' The United States Supreme Court, in interpreting the same language found in section 2 of the FAA (9 U.S.C. § 2), recognized that 'generally applicable contract defenses, such as fraud, duress, or *unconscionability,* may be applied to invalidate arbitration agreements....' ...
>
> "... '[U]nconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results.... 'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' ... But they need not be present in the same degree.... [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.''

10

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

(citations omitted); *accord*, *Bruni v. Didion* 160 Cal. App. 4th 1272, 1288–89 (2008).

**B.**     **Ally's Arbitration Clause Is Procedurally Unconscionable, as Ally's Motion Tacitly Concedes.**

Procedural unconscionability is a given in our case for two reasons:

1.     Because the issue was not addressed by *Concepcion*, California authority on procedural unconscionability, which unequivocally supports Plaintiff's defense against the subject arbitration provision, remains entirely controlling; and

2.     Ally's Motion does *not even address* procedural unconscionability, thereby tacitly conceding the point.

Ally's decision to omit any discussion of procedural unconscionability from its Motion, while nonetheless offering such lightweight fare as "This Court may consider declaration evidence in ruling on Ally's motion to compel arbitration" (Motion at fn. 1), is tactically understandable – the subject arbitration provision is *so* procedurally unconscionable that to argue otherwise would strain credulity.  Ally's refusal to confront the multiple elements of procedural unconscionablity that permeate the subject arbitration provision cannot, however, make them disappear.

In this regard, procedural unconscionability is present where there is "oppression or surprise due to unequal bargaining power."  *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010); *see also, Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1280 (2004).  Indeed, the mere fact that the arbitration clause is contained in a contract of adhesion is a sufficient ground, in itself, for the provision to be found procedurally unconscionable as a matter of law:  "When the weaker party is presented the clause and told to 'take it or leave it' without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present."  *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1282 (9th Cir. 2006) (en banc); *see also, Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170-71 (9th Cir. 2003); *see also, Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853-54

(2001)); *see also, Bridge Fund Capital Corp.*, 622 F.3d at 1004.  Nevertheless, while the

adhesive nature of the contract alone would be sufficient to find procedural unconscionability,

adhesion is arguably the *least* oppressive of the indicia of procedural unconscionability inserted

by Ally into its arbitration provision.

For example, despite the Motion's strained attempt to enhance the arbitration clause's

prominence in the contract as if it were some shining beacon of brightness and transparency – the

provision "is demarcated in a separate box, whose headings are set forth in boldfaced, capitalized

type" (Motion at 4:6-7) – the actual clause does not actually appear on the face of the agreement

Plaintiff signed.  Instead, it is buried at the bottom of the back side of the agreement, which does

not ask Plaintiff to sign or initial *any* provision.[5]  By contrast, Plaintiff signed the agreement

*eight times* on the front side.  *See* Littlefield Decl., Ex. A.  Under circumstances identical to ours,

California courts have uniformly found the clause procedurally unconscionable.[6]  *Gutierrez v.*

*Autowest, Inc.*, 114 Cal. App. 4th 77, 89 (2003); *see also, Sanchez v. Valencia Holding Company,*

*LLC*, 201 Cal. App. 4th 74, 90-93 (2011).

The vehicle purchase and financing contract at issue in the present case, including the

arbitration provision, is identical in all respects to that before the court of appeal in *Sanchez*,

which held the arbitration provision to be procedurally unconscionable because it was contained

in a contract of adhesion and was buried on the bottom of the page opposite side of a page that

was signed and initialed by the plaintiff.  *See* 201 Cal. App. 4th at 104.  On this point, Ally's

---

[5] The agreement itself is allegedly attached to the Declaration of Zitka as Exhibit A.  If this is a "true and correct copy" of the document signed by Trompeter, then every term contained therein would be a complete surprise since the font of the exhibit so miniscule as to be illegible. To aid the Court is its analysis of the contract at issue herein, Plaintiff has provided the Court with his own, legible copy of the agreement.  Littlefield Decl., Ex. A.

[6] There is an oblique reference to the arbitration agreement squeezed in the margin and obscured by a bold, large typefaced warning regarding interest rates and a box warning regarding the lack of a cooling off period.  This strategic placing of a reference to the unsigned arbitration clause does not make it any less procedurally unconscionable.  *See Sanchez*, 201 Cal. App. 4th at 92.

unfounded confidence that *Sanchez* will soon be unciteable or somehow runs afoul of *Concepcion* is irrelevant, since *Concepcion* says nothing about procedural unconscionability and *Sanchez's* views on the issue merely restate California precedent that will remain controlling regardless of *Sanchez's* fate.  The elements of procedural unconscionability in the subject arbitration provision, however, consist of far more than its obscure placement in the contract.

For example, it is also procedurally unconscionable for an arbitration clause to invoke the rules of specific types of arbitration and not provide those rules to the consumer.  *See Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387, 393 n.4 (2010) (finding that the failure to provide arbitration rules is procedurally unconscionable); *see also, Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1406-07 (2003) (finding procedural unconscionability when the scope of the arbitration provision is "artfully hidden by merely referencing the [chosen forum's] arbitration rules").  Not only does the subject provision fail to include the relevant arbitration rules, but it is hopelessly vague as to whether the rules will be the rules as they existed at the time the contract was executed (in Plaintiff's case 2007), when the arbitration is initiated, when the arbitration provision is invoked, or any other time.  *See* Motion at 4:23-26; *see also, Harper*, 113 Cal. App. 4th at 1406-07 ("Thus even a customer who takes the trouble to check the [arbitration rules] before signing the contract may be in for a preliminary legal battle in the event that [the] arbitration rules were to become substantively less favorable in the interim.  Before the main battle commenced in arbitration, there would be a preliminary fight over which set of arbitration rules governed—something which, at the very least, would add to the customer's legal expense.").

Equally unconscionable is the illusory nature of the "benefits" afforded the consumer under the subject arbitration clause.  It purports to give the consumer a choice between "the National Arbitration Forum, the American Arbitration Association, or any other organization that you may choose subject to [Ally's] approval…," stating no limit on Ally's ability to withhold approval for any arbitration service other than the two identified in the clause.  What Ally's

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION Case No. 12-0392-CW**

arbitration clause and Motion fail to inform is that one of the two arbitration services offered in the provision, the National Arbitration Forum, does not arbitrate consumer disputes. *See* Littlefield Decl., ¶ 5. Accordingly, despite the two arbitration options "afforded," one is defunct for purposes of our transaction, and Ally is unilaterally empowered under the terms of the agreement to reject all other options which Plaintiff may elect. On this point, the agreement is not merely illusory but downright misleading.

For all these reasons – the adhesive contract, the back page-buried arbitration clause, the failure to specify the arbitration's operative rules, the failure to identify which time period will apply to the rules, and the completely illusory "choice" of arbitration services – the subject provision is procedurally unconscionable which, in tandem with the substantive unconscionability specified below, renders the entirety of Ally's arbitration clause unenforceable.

## C.    The Subject Arbitration Clause Is Substantively Unconscionable.

As noted previously, under the sliding scale analysis that applies, while both procedural and substantive unconscionability must be present, the more procedurally oppressive a provision is, the less evidence of substantive unconscionability is required to render it unenforceable. *Armendariz,* 24 Cal.4th at 114. Plaintiff submits that the overwhelming procedural unconscionability of the subject provision set forth above, an issue so daunting that Ally could not bring itself to *address* it in its Motion, measurably reduces Plaintiff's burden on the issue of substantive unconscionability. That burden is, in any event, readily met herein.

Ally's one-sided, self-serving arbitration provision is substantively unconscionable for at least four reasons:

(1) If any arbitration award is over $100,000, then the matter may be rearbitrated at Ally's election (which only benefits Ally);

(2) If the award includes injunctive relief, then the enjoined party may demand a new arbitration (which only benefits Ally);

**14**

(3) Any party that does request the arbitration-do-over must pay, in advance, the filing

fee and other arbitration costs (which unduly burdens the consumer); and

(4) Self-help (repossession) is exempted from arbitration, even though an injunction must

go to arbitration (which only benefits Ally).

While Ally has imposed an arbitration clause that purports on its face to be neutral, it is

no coincidence that all of the above elements work to benefit Ally and to prejudice the consumer.

It is thus the practical effect of the provisions, not their superficial wording, that informs the

Court as to whether they are unfairly one-sided so as to be unconscionable. As stated in *Saika v.*

*Gold*, 49 Cal. App. 4th 1074, 1076-77 (1996):

> The present case concerns an arbitration agreement between a
> doctor and a patient in which there is virtually no conclusiveness
> when the *patient* wins the arbitration. A trial de novo clause
> within the arbitration agreement purportedly allows either party to
> disregard the results of the arbitration and litigate in the court when
> the arbitration award *exceeds* $25,000 but, as we explain, the
> practical effect of the clause is to tilt the playing field in favor of
> the doctor. By making arbitration virtually illusory as far as one
> side is concerned, the clause contravenes the strong public policy
> favoring arbitration....

As *Saika* concluded: "In sum, while the trial de novo clause in the present case purports to apply

to both parties, it is the same 'heads I win, tails you lose' proposition that the court condemned

[when a unilateral right to demand an arbitration de novo is at issue]." *Id.* at 1080.

## 1. **If any arbitration award is over $100,000, then the matter may be rearbitrated at Ally's election (which only benefits Ally).**

The practical effect of repeating the arbitration for any award that exceeds $100,000 is

that Ally has preserved only for itself a second bite at the apple for any award it does not like,

despite the language's purported bilateralism. For purposes of this analysis, remember that

Plaintiff only financed $27,931.43 of the vehicle's purchase price. *See* Littlefield Decl., Ex. A.

Accordingly, the prospect that such an amount could give rise to a claim *against* Plaintiff in

excess of $100,000 is implausible, at best. By contrast, the likelihood that a defect in the vehicle

**15**

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

could give rise to an arbitral claim against Ally in excess of $100,000 is quite real.  The practical effect here is that Ally does not have to submit to "binding" arbitration for the larger claims against it, and only the consumer will be bound.

Ally's one-sided "binding against you, not binding against me" term is substantively unconscionable.  "Substantively unconscionable terms may take various forms, but may generally be described as unfairly one-sided.  One such form … is the … lack of a 'modicum of bilaterality,' wherein the employee's claims against the employer, but not the employer's claims against the employee, are subject to arbitration.  Another kind of substantively unconscionable provision occurs when the party imposing arbitration mandates a post-arbitration proceeding, either judicial or arbitral, wholly or largely to its benefit at the expense of the party on which the arbitration is imposed."  *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071-72, (2003) (citation omitted) (*cert. denied* 124 S. Ct. 83 (2003)).  By reserving for itself a new arbitration should it not like the results, Ally's arbitration clause jettisons the "'promise of an inexpensive, speedy resolution to the claim. . . .  [Although there is a] strong public policy favoring arbitration…, [t]hat policy is manifestly undermined by provisions in arbitration clauses which seek to make the arbitration process itself an offensive weapon in one party's arsenal.'"  *Little*, 29 Cal. 4th at 1073 (*citing Saika,* 49 Cal. App. 4th 1074).

From the consumer's perspective, the "efficient, streamlined procedures" of arbitration with reduced costs and increased speed identified in *Concepcion* (131 S. Ct. at 1749) are completely eliminated when any substantial award it receives can be systematically discarded at Ally's whim.  Ally's insistence on including this term in the provision confirms that it did not intend to compel arbitration for arbitration's sake but, rather, so that it could tilt the playing field hopelessly in its favor.

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION
Case No. 12-0392-CW**

2.      **If the award includes injunctive relief, then the enjoined party may demand a new arbitration (which only benefits Ally).**

Normally, injunctive relief is "essential to protect consumers against further illegal acts of the defendant." *Sanchez*, 201 Cal. App. 4th at 96 (citing *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 20 (1977); *see also*, *Regents of University of California v. ABC,* 747 F.2d 511, 521 (9th Cir.1984). Fortunately for Ally, the consumer has no such protection under this arbitration clause. "The arbitrator's award shall be final and binding … except that in the event the arbitrator's award … includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel." Littlefield Decl., Ex. A; Motion 5:8-10.

Not surprisingly, it is the buyer, not the car dealer, who would be seeking preliminary or permanent injunctive relief. If an interim award (preliminary injunction) or final award (permanent injunction) is issued against the car dealer, the arbitrator has favorably reviewed the merits of the buyer's claims and determined that the interests of consumers will be irreparably injured without injunctive relief. Nevertheless, here, the arbitration provision's rearbitration clauses allow Ally to delay the effect of an injunction by way of a full blown *re*arbitration procedure before a three-member arbitration panel. By subjecting injunctive relief to yet another arbitration proceeding, only Ally benefits, thereby making the clause unfairly one-sided and undermining the purpose of injunctive relief to protect consumer rights.

Indeed, the importance of consumer-protecting injunctive relief is all the more compelling in the present case, where Ally is charged with engaging in a massive criminal enterprise that has violated the privacy of literally thousands of unwitting consumers, such as Plaintiff, through its surreptitious recording of their telephone communications:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has

17

> created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.
>
> The Legislature by this chapter intends to protect the right of privacy of the people of this state.

Cal. Penal Code § 630.

### 3.   __Any party that does elect to rearbitrate must pay, in advance, the filing fee and other arbitration costs (which unduly burdens the consumer).__

Not only has Ally made sure to avoid binding arbitration for any significant awards against it, but in the event a consumer receives an award of $0 and wishes to invoke the rearbitration procedure, the consumer faces potentially steep and wholly speculative costs.  As stated earlier, it is unclear whether the rules of the AAA (the only real "choice" the consumer will have in light of the National Arbitration Forum's refusal to hear consumer disputes) are to be the rules as they were in 2007 or will be at some hypothetical date in the future.  This means that the consumer cannot even determine what the costs for a three arbitrator panel will be, or if one will even be available. *See Harper*, 113 Cal. App. 4th at 1406-07 ("Thus even a customer who takes the trouble to check the [arbitration rules] before signing the contract may be in for a preliminary legal battle in the event that [the] arbitration rules were to become substantively less favorable in the interim.").  Under the current rules of the AAA, a consumer must submit to the Commercial Dispute Resolution Procedures in order to invoke a three arbitrator panel.[7]  Under the Commercial Dispute Resolution Procedures, "[t]he minimum fees for any case having three or more arbitrators are $2,800 for the Initial Filing Fee, plus a $1,250 Final Fee, not to mention the handsome hourly rate for the three arbitrators.[8]  This provision self-evidently favors the deep-pocketed Ally.

---

[7] *See* AAA Consumer-Related Disputes Supplementary PROCEDURES at C-1(b)  at http://www.adr.org/sp.asp?id=22014#C1.

[8] *See* AAA Commercial Dispute Resolution Procedures, "Standard Fee Schedule," at http://www.adr.org/sp.asp?id=22440#R41.

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

4.   **Self-help (repossession) is exempted from arbitration, even though an injunction must go to arbitration.**

The self-help remedy of repossession is patently a remedy only available for Ally, a remedy to which Ally has already resorted.  Zitka Decl., ¶ 4.  California law is clear: "[A]rbitration provisions are unconscionable if they provide for the arbitration of claims most likely to be brought by the weaker party but exempt from arbitration claims most likely to be filed by the stronger party."  *Sanchez*, 201 Cal. App. 4th at 101 (*citing Armendariz*, 24 Cal. 4th at 119 (striking non-mutual employment arbitration clause); *Baker v. Osborne Development Corp.*, 159 Cal. App. 4th 884, 896 (2008) (one-sided arbitration provision between home buyer and home builder unconscionable); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 724-25 (2004) ("The [arbitration clause] is unfairly one-sided because it compels arbitration of the claims *more likely to be brought* by [the employee], the weaker party, but exempts from arbitration the *types of claims that are more likely to be brought* by [the employer], the stronger party.") (emphasis added)).

Ally's reliance on *Arguelles-Romero v. Superior Court* 184 Cal. App. 4th at 845, n.21, to defend the arbitration clause is misplaced, as *Arguelles-Romero* is clearly distinguishable.  In that case, the gravamen of the plaintiffs' "one-sided" argument was not with respect  to the self-help exception of the arbitration clause but, rather, that the clause "does nothing to protect the consumer from suit by collection agents to whom such debts are customarily sold."  *Id.*  The court rejected the argument on the basis that that the plaintiffs' *did* have the right to compel arbitration of any action for a deficiency judgment.  Obviously, this is *not* what Plaintiffs are claiming herein.

IV.   **BECAUSE UNCONSCIONABILITY SO PERMEATES THE SUBJECT ARBITRATION CLAUSE, THE ENTIRE CLAUSE IS UNENFORCEABLE**

Where a defendant, such as Ally, has created an arbitration clause so replete with unconscionable provisions, the proper remedy is to strike the entire clause:  "A court should

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION**
**Case No. 12-0392-CW**

refuse to enforce an arbitration clause permeated with unconscionability. 'Multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage.' *Gutierrez*, 114 Cal. App. 4th at 93 (citing *Armendariz,* 24 Cal. 4th at 124); *see also, Little*, 29 Cal. 4th at 1074.  The cases Ally cites actually *support* this conclusion.

For example, Ally cites *Armendariz*.  In that case, the California Supreme Court declined to sever the offending terms of the arbitration clause because they were not bilateral, precisely as Plaintiff argues in the present case.  The Supreme Court held in *Armendariz*: "[M]ultiple defects [in the arbitration clause] indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage."  24 Cal. 4th at 124-25.  The Court further found that there was "no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement."  *Id.* at 124-25.  "Furthermore, although we have spoken of a 'strong public policy of this state in favor of resolving disputes by arbitration,' Code of Civil Procedure section 1281 makes clear that an arbitration agreement is to be rescinded on the same grounds as other contracts or contract terms.  In this respect, arbitration agreements are neither favored nor disfavored, but simply placed on an equal footing with other contracts."  *Id.* at 126-27.

Indeed, the folly of Ally's severance argument is best revealed in its suggestion that the self-help exception of the arbitration clause can simply be deleted in order to save the clause:

> Similarly, the self-help exception, if unconscionable, can easily be severed simply by deleting the allegedly offending provision.

Motion 18:14-15.

How convenient for Ally, which has already resorted to the arbitration clause's self-help exception by repossessing Plaintiff's vehicle.  What better illustration could there be of the Ally's unconscionable, one-sided manipulation of its arbitration clause than to, first, avail itself

of the self-help exception and, then, offer to excise the offending term in a desperate effort to salvage the clause.

## V.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Ally's Motion.

Respectfully submitted,

DATED: February 15, 2012.                **KEARNEY ALVAREZ, LLP**


By:   */s/ Thomas A. Kearney*

THOMAS A. KEARNEY
Attorneys for Plaintiff

**PLAINTIFF TROMPETER'S OPPOSITION TO DEFENDANT
ALLY FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION
Case No. 12-0392-CW**